**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Benjamin Carrillo,

        Plaintiff,

v.

Alejandro N Mayorkas, et al.,

        Defendants.

No. CV-24-01577-PHX-MTL

**ORDER**

Before the Court is Plaintiff's Motion Requesting Appointment of Attorney (Doc. 2). He sues Defendants Alejandro N. Mayorkas, Andrea Bright, Mic D. McKeighan, Steven Tilden, and David Cacciotti for employment discrimination and retaliation. (Doc. 1.) The Court has authorized Plaintiff to proceed in forma pauperis. (Doc. 6.)

Plaintiff now asks that the Court appoint counsel to help him prosecute this case, claiming indigency and "ignorance to redress, or inability to litigate this case on [his] own behalf." (*Id.* at 1.) He adds that he has attempted to represent himself in the past, but "failed due to [his] lack of legal knowledge of discrimination, disparate treatment, and retaliation laws." (*Id.*) Finally, he states that he has attempted to procure an attorney, but the cost is prohibitive. (*Id.* at 1-2.)

There is no constitutional right to the appointment of counsel in a civil case. *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038-39 (9th Cir. 2021). But because Plaintiff has been authorized to proceed in forma pauperis, the Court may request that an attorney undertake pro bono representation of Plaintiff. 28 U.S.C. § 1915(e)(1). As this

Court has observed, however, the appointment of counsel in a civil case "is only done in exceptional circumstances and courts cannot compel a lawyer to take on representation of a civil litigant." *United States v. Melluzo*, No. CV-09-8197-PCT-MHM, 2010 WL 1779644, at *2 (D. Ariz. May 3, 2010) (cleaned up).

A finding of exceptional circumstances requires consideration of the plaintiff's (1) likelihood of success on the merits and (2) ability to articulate his claims in light of the complexity of the legal issues involved. *Agyeman v. Corrections Corp. of Am.,* 390 F.3d 1101, 1103-04 (9th Cir. 2004). Neither factor is dispositive, and both must be viewed together. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court finds no exceptional circumstances here. While the Court cannot readily determine Plaintiff's likelihood of success on the merits at this very early stage, the issue is easily resolved on the second prong of the test. *See Williams v. Trujillo*, No. CV-18-03239-PHX-MTL, 2022 WL 1078907, at *4 (D. Ariz. Apr. 11, 2022) (noting that the second prong can be "independently dispositive" of whether a plaintiff's case presents exceptional circumstances). Plaintiff's claims of employment discrimination and retaliation do not present complex legal issues. Nor does he argue otherwise. (*See generally* Doc. 2.) Moreover, Plaintiff admits that he has experience litigating similar claims. (*Id.* at 1.)

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion (Doc. 2) is **denied**.

Dated this 17th day of July, 2024.

Michael T. Liburdi
United States District Judge

- 2 -