**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Carrillo,<br><br>    Plaintiff,<br><br>v.<br><br>Alejandro N Mayorkas, et al.,<br><br>    Defendants. | No. CV-24-01577-PHX-MTL<br><br>**ORDER** |

This matter is before the Court on its own review.

**I.**

On June 28, 2024, Plaintiff Benjamin Carrillo commenced this action, alleging violations of Title VII of the Civil Rights Act of 1964 against Defendants. (Doc. 1.) Approximately one year later—and with little to no activity on the docket since—the Court ordered Plaintiff to show cause in writing as to why this case should not be dismissed for failure to serve process under Rule 4(m) and failure to prosecute under Rule 41(b). (Doc. 8.) To date, Plaintiff has neither served Defendants nor responded to the order to show cause.

**II.**

Under Rule 4, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "The plaintiff has the burden of persuading the court

of the reasonableness of his delay and the lack of prejudice to the defendant." *Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

Further, Rule 41(b) of the Federal Rules of Civil Procedure requires a plaintiff to prosecute his case with reasonable diligence. *Moore v. Telfon Commc'ns Corp.*, 589 F.2d 959, 967 (9th Cir. 1978). And in the event the plaintiff fails to prosecute or comply with the court's orders and rules, his case may be dismissed involuntarily. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (explaining that district courts have "inherent power" to dismiss a case sua sponte for lack of prosecution). The Court must weigh the following factors before dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citation omitted).

### III.

The first, second, and third factors counsel in favor of dismissing this case. This action has been pending for over one year and Plaintiff has failed to serve Defendants, respond to this Court's order to show cause, or otherwise participate in this action. *See Colirio v. Arpaio*, No. CV 06-0442-PHX-JAT, 2007 WL 328019, at *2 (D. Ariz. Feb. 2, 2007) (finding the first three *Henderson* factors support dismissal where "Plaintiff's failure to serve Defendants, or to actively participate in this case prevents the case from proceeding in the foreseeable future.").

The fourth factor generally weighs against dismissal given the strong policy preference for resolving cases on their merits. A dismissal without prejudice, however, would not offend public policy because Plaintiff could adjudicate the merits of his claims on a later date, if desired. *See Garcia v. Glendale Police Dep't*, No. CV 11-02260-PHX-JAT, 2014 WL 922909, at *2 (D. Ariz. Mar. 10, 2014) (recognizing that a dismissal without prejudice means the fourth *Henderson* factor "neither favors nor disfavors dismissal").

And finally, the "availability of other alternatives" factor supports dismissal where the Court enters a dismissal without prejudice, as opposed to a dismissal with prejudice. *Colirio*, 2007 WL 328019, at *2. A dismissal without prejudice means a complaint asserting the same claims can be refiled. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001). Because this is a less drastic sanction than a dismissal with prejudice, the fifth *Henderson* factor supports dismissal.

On balance, the five factors tilt heavily in favor of dismissing this action.

**IV.**

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed without prejudice pursuant to Rule 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter a judgment of dismissal without prejudice and close this case.

Dated this 11th day of July, 2025.

Michael T. Liburdi
United States District Judge